STATE, RESPONDENT, v. HEDICAN, APPELLANT.

(No. 2,393.)

(Submitted April 11, 1907.  Decided April 20, 1907.)

(89 Pac. 730.)

*Criminal Law—Grand Larceny—Trial—Reopening Case—Indorsing Witness' Name on Information—District Courts—Discretion—Stipulation of Counsel—Violation.*

1. After the testimony had been closed and the court had instructed the jury in a trial for grand larceny, defendant's counsel in his argument to the jury commented on the fact that a certain witness had not been called by the state. Upon the close of his argument, counsel for the state asked leave to reopen the case, indorse the name of the witness on the information and examine him; this for the reason that defendant's counsel had violated a stipulation, entered into by counsel for both sides, that no advantage should be taken of the absence of the witness. Affidavits filed by the parties and the court practically agreed that such a stipulation had been made. All these proceedings took place in the presence of the jury. Leave was granted and the witness sworn and testified. Defendant's counsel refused to cross-examine or offer further evidence, and declined to make further argument. The court thereupon instructed the jury to disregard what had taken place in relation to the calling of this witness and to weigh his testimony as they would that of any other. *Held*, that the court did not err in allowing the witness' name to be indorsed on the information, nor abuse its discretion in reopening the case.

*Appeal from District Court, Fergus County; E. K. Cheadle, Judge.*

BARNEY HEDICAN, convicted of grand larceny, appeals from the judgment.  Affirmed.

*Messrs. Worden & Scott, Mr. J. C. Huntoon,* and *Mr. H. S. Hepner,* for Appellant.

If the state relied upon the alleged stipulation, it should have had it put in writing, or at least called the attention of the court to it and had it entered upon the minutes, so that there could be no misunderstanding as to the terms of the alleged stipulation, and, in the second place, the defendant maintains that he

could not be bound as to any stipulation on the part of counsel agreeing to waive his constitutional right to be confronted with the witnesses against him, unless the same were in writing or entered upon the minutes of the court in its presence. (Code Civ. Proc., sec. 398, subd. 1; *Beach et al.* v. *Spokane R. & W. Co.;* 21 Mont. 185, 53 Pac. 493.)

The granting of the application of the state to reopen the case was an abuse of discretion. (*State* v. *Paul,* 39 La. Ann. 329, 1 South. 66.)

*Mr. Albert J. Galen,* Attorney General, and *Mr. E. M. Hall,* Assistant Attorney General, for Respondent.

At first impression the ruling of the court in permitting the state to reopen its case after counsel for the defendant had closed their argument would appear to be an abuse of discretion, but the record discloses a very unusual course of procedure on the part of the attorneys for the appellant and one which fully justified the court in making such ruling. (Thompson on Trials, sec. 348; *George* v. *Pilcher,* 28 Gratt. 310, 26 Am. Rep. 350; *Breedlove* v. *Bundy,* 96 Ind. 322; *Ruggles* v. *Coffin,* 70 Me. 468; *Tierney* v. *Spiva,* 76 Mo. 279; *Hess* v. *Wilcox,* 58 Iowa, 380, 10 N. W. 847; *Smith* v. *State Ins. Co.,* 58 Iowa, 487, 12 N. W. 542; *Walker* v. *Walker,* 14 Ga. 250; *Clough* v. *State,* 7 Neb. 341; *Kalle* v. *People,* 4 Park. Cr. Rep. (N. Y.) 591; *State* v. *Clayburn,* 16 S. C. 375; 2 Cyc., "Criminal Law," 559, and cases cited; *State* v. *Rose,* 33 La. Ann. 932.)

Where a stipulation is substantially admitted, and has been acted upon by one party, it is held sufficient to bind the other party. It certainly is sufficient to prevent a party from obtaining any unjust advantage over his adversary who has relied and acted upon such stipulation. (Thompson on Trials, sec. 200; *Burnham* v. *Smith,* 11 Wis. 270; *Chicago & N. W. Ry. Co.* v. *Hintz,* 132 Ill. 268, 23 N. E. 1032; *Banks* v. *American Tract Society,* 4 Sand. (N. Y.) 498.)

Counsel for appellant seek further to avoid the stipulation by the claim that the defendant did not expressly authorize them

to enter into it, and that therefore he is in no way bound thereby. There is no merit in this contention.    (Thompson on Trials, sec. 190-200; Weeks on Attorneys, secs. 217, 218.)

Where the Constitution gives a defendant in a criminal case the right to be confronted by the witnesses, his counsel may waive such right and agree that testimony taken by deposition or set out on affidavits for continuance, may be read in evidence. (*United States* v. *Sacramento,* 2 Mont. 239, 25 Am. Rep. 742; *State* v. *Fooks,* 65 Iowa, 196, 452, 21 N. W. 561, 773; *People* v. *Murray,* 52 Mich. 288, 17 N. W. 843; *People* v. *Molin,* 10 N. Y. Supp. 130.)   The stipulation in the case at bar was in effect the same as those construed in the above cases.

The affidavits, filed in support of the motion for change of venue, merely recite that affiants ''have heard said case discussed upon diverse occasions by diverse parties, who expressed the opinion that the said Hedican was guilty of the crime charged,'' and that affiants are convinced according to the best of their knowledge, information and belief that defendant cannot secure a fair trial.   This is not a sufficient showing of facts.   (*Territory* v. *Manton,* 8 Mont. 95, 19 Pac. 387; *State* v. *Spotted Hawk,* 22 Mont. 52, 55 Pac. 1026.)

There is no statement of purported facts in either of the newspaper articles referred to in the affidavits, sufficient to cause any person to form an opinion as to the guilt or innocence of the defendant, and even if opinions had been formed from the reading of such papers, that alone was not sufficient to disqualify the jurors or to show that a fair and impartial trial could not be procured.   (Pen. Code, sec. 2051; *State* v. *Mott,* 29 Mont. 292, 74 Pac. 728; *State* v. *Howard,* 30 Mont. 518, 77 Pac. 50.)

MR. JUSTICE SMITH delivered the opinion of the court.

The defendant in this case was convicted in the district court of Fergus county of the crime of grand larceny, to-wit, horse-stealing.   Prior to his trial he presented a motion for a change of venue, based upon certain affidavits, to the effect that on account of the publicity that had been given to his case in a cer-

tain local newspaper, and the prejudice that existed in the community against the particular crime with which he was charged, he could not have a fair and impartial trial. This motion was denied by the trial court, and defendant assigns the action as error.

It might suffice to say that the contention was practically waived by his counsel in argument, but we have examined the affidavits presented and find no abuse of discretion in the denial of the motion.

It appears from the record that, as the information was originally drawn, it charged the defendant with having stolen certain horses belonging to one Mike T. Rooney; but on the eve of trial it was amended to read "Mike T. Rooney & Son." After the testimony had been closed, the court had instructed the jury, and the county attorney had made his opening argument, defendant's counsel commented upon the fact that the son, Frank J. P. Rooney, had not been called as a witness for the state. Thereupon, at the close of the argument on the part of the defendant, the state's counsel asked leave to reopen his case, indorse the name of Frank J. P. Rooney on the information, and examine him as a witness. Upon the inquiry of the court as to the necessity for such action, counsel stated that an oral stipulation had been had with one of defendant's counsel to the effect that no advantage would be taken of Rooney's absence, but that counsel had violated the stipulation by his argument to the jury, and therefore leave was asked to supply the testimony. Affidavits were filed by counsel on the respective sides and also by the trial judge, all practically agreeing that such a stipulation had been had, whereupon the court granted the motion of the state's counsel, and Rooney was sworn. These proceedings were had in the presence of the jury. Counsel for defendant declined to cross-examine Rooney, and elected to make no further argument to the jury, although the court gave them permission so to do, and also to offer further evidence on defendant's part if they desired. Afterward the court further instructed the jury to pay no attention to the circumstances surrounding the calling

of Rooney as a witness, but to disregard what had taken place, and to consider and weigh his testimony as they would that of any other witness, they being the sole judges of his credibility.

Appellant contends that the court was in error in allowing Rooney's name to be indorsed upon the information, and abused its discretion in reopening the case, under the circumstances, to his prejudice. There is no merit in the contention. Upon the showing made, the court was right in reopening the case and allowing Rooney to be sworn, and we find no abuse of discretion in the manner in which it was done.

The judgment of the court below is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

